# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:11cv76

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $23,000 IN UNITED STATES | ) | |
| CURRENCY, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending before the Court is the Government's Motion for Default Judgment

[# 18].  This is an *in rem* civil forfeiture action brought by the Government

pursuant to 18 U.S.C. § 881.  The defendant property is $23,000 in United States

Currency.   The Government now moves the Court to enter default judgment

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and enter a final

order of forfeiture pursuant to Rule 58.  The Court **GRANTS** the Government's

motion [# 18].

## I.     Background

The Clerk issued a warrant for the arrest of the defendant property on April

13, 2011, pursuant to Supplemental Rule G(3)(b)(I) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental

Rules"). (Warrant for Arrest, Apr. 13, 2011.) The warrant was returned executed

on April 20, 2011. (Process Receipt and Return, Apr. 20, 2011.) Subsequently,

the Government published the notice of this civil forfeiture action on

www.forfeiture.gov for at least thirty consecutive days beginning on April 14,

2011, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules. (Decl. of

Publication, Jun. 16, 2011.)

Claimant Timmy Lee Battle, Jr. filed a claim against the property on May

11, 2011. He then filed an Answer to the Complaint. The parties then stipulated to

having this case heard by a United States Magistrate Judge. Thereafter, Claimant

Battle withdrew his claim against the defendant property and relinquished any and

all claims to the property. No other person or entity has filed a claim against the

defendant property or answered the Complaint. Accordingly, the Clerk entered

default on January 18, 2012. The Government now moves for the entry of default

judgment in this case.

**II. Analysis**

The admitted factual allegations contained in the Complaint establish that

the defendant property is subject to forfeiture. See Ryan v. Homecomings Fin.

Network, 253 F.3d 778, 780 (4th Cir. 2001) (holding that a defaulting defendant is

deemed to have admitted all of the well-plead factual allegations in the complaint).

On November 25, 2010, an officer pulled over a pickup truck being driving by Claimant Battle. Subsequently, another officer arrived on the scene with a dog trained and certified to detect the odor of narcotics and drugs. The dog alerted outside of the pickup truck. The officers then searched the truck, locating a plastic grocery bag containing a total of $23,000 in United States currency. The currency was in five separate bundles, each secured with a rubber band. The Court finds that the allegations in the Complaint are sufficient to establish probable cause for the belief that the currency at issue is proceeds traceable to transactions and exchanges for controlled substances. See 21 U.S.C. § 881(a)(6); Boas v. Smith, 786 F.2d 605, 609 (4th Cir. 1986); United States v. $95,945.18, 913 F.2d 1106, 1110 (4th Cir. 1990); United States v. $148, 215.00, 768 F. Supp. 525, 527 (W.D.N.C. 1991) (Potter, J.). Accordingly, the Court **GRANTS** the Government's motion [# 18].

### III.    Conclusion

The Court **GRANTS** the Government's Motion for Default Judgment [# 18]. The Court **DIRECTS** the Clerk to **ENTER** a Default Judgment against the defendant currency. Finally, the Court **ORDERS** that the defendant currency be **FORFEITED** to the United States of America.

Signed: May 8, 2012

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge